**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IRIS D. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 2408 |
| vs. | ) | |
| | ) | HONORABLE JUDGE |
| COUNTY OF COOK, | ) | VIRGINIA M. KENDALL |
| | ) | |
| Defendant. | ) | |

**DEFENDANT COUNTY OF COOK'S ANSWER, AFFIRMATIVE
DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

**NOW COMES** the Defendant, COUNTY OF COOK, by and through its attorneys, RICHARD A. DEVINE, State's Attorney of Cook County, and MICHAEL D. JACOBS, Assistant State's Attorney, and submits this answer, affirmative defenses and jury demand to Plaintiff's Complaint:

**THE PARTIES**

1.     Plaintiff, IRIS D. THOMAS, is an individual, residing at 6834 S. Constance Ave, City of Chicago, County of Cook, State of Illinois, 60649.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

2.     Defendant, THE COUNTY OF COOK, a body politic and corporate, d/b/a JOHN H. STROGER, JR. HOSPTIAL OF COOK COUNTY, is a public entity and resides at 1901 W. Harrison St., City of Chicago, County of Cook, State of Illinois, 606012.

**ANSWER:**        Defendant admits that it is a body politic and corporate d/b/a JOHN H. STROGER, JR. HOSPTIAL OF COOK COUNTY. Answering further, Defendant admits that it is a public entity. Defendant denies that it "resides" at 1901 W. Harrison St., City of Chicago, County of Cook, State of Illinois, 606012.

3.    IRIS D. THOMAS was hired by Defendant on November 23, 1998 as a Registered Nurse.

**ANSWER**:    Defendant admits that Plaintiff was hired on or about November 23, 1998.

4.    Ms. Iris D. Thomas worked as a Nurse Manager in the Ambulatory Unit for the Defendant for seven years.

**ANSWER**:    Defendant is without denies the allegations contained in this Paragraph.

5.    Barbara Fischer was employed by the defendant as the Nursing Director for the Ambulatory Unit and as such was an agent of the Defendant.

**ANSWER**:    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

6.    This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §§ 2003 et seq, based on an unlawful employment practice by Defendant. Jurisdiction of this court is invoked pursuant to §706(f) of Title VII 42 U.S.C.A. § 2003-5(f).

**ANSWER**:    Defendant admits that Title VII of the Civil Rights Act of 1964 authorizes actions for allegedly unlawful employment practices. Defendant further admits that jurisdiction is properly invoked for such claims. Answering further, Defendant denies taking any action which would entitle Plaintiff to any relief.

7.    Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C.A. §§ 2000e-5. Specifically, a charge of employment discrimination was filed with the Equal Employment Opportunity Commission within 180 days of the unlawful employment practice Notice of a Right to Sue was received. This complaint was filed within 90 days of receipt of the Notice.

**ANSWER**:    Defendant makes no answer to the allegations in this Paragraph

because they seek to elicit responses to legal conclusions. To the extent that an answer may be required, Defendant denies them.

8.     The unlawful employment practices alleged in this complaint were committed in the Eastern Division of the Northern District of the State of Illinois.

**ANSWER:**     Defendant denies committing any unlawful employment practices, but admits that venue is proper.

9.     Ms. Iris D. Thomas is a 75 year old African American woman.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

10.     Ms. Iris D. Thomas is a registered nurse of 32 years.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

11.     Ms. Iris D. Thomas was earning in excess on $80,000 working for the Defendant at the time she was terminated.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

12.     Ms. Iris D. Thomas was a Nurse Manager under the Defendant's employ for 7 years.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

13.     As the Nurse Coordinator in the Ambulatory Unit, Plaintiff managed four nurses, was responsible for all clinical operations of the health center including but not limited to the budget, and actively worked to develop referral relationships with other medical service providers and social service agencies in the community served by the hospital.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

14.     The Plaintiff began working for the Defendant in 1998.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

15.    During Iris D. Thomas' employment with the Defendant, she received performance reviews in the 90th percentile, had no attendance problems and aided in the implementation of a new computer system for her unit.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time...

16.    At the time Ms. Iris D. Thomas was hired, her supervisor was Shirley Bomar-Cole, a very experienced African American woman, who had been working for the Defendant for approximately 20 years.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

17.    The Defendant suddenly suggested that Plaintiff's direct supervisor Shirley Bomar-Cole, find a new job. The Defendant replaced Bomar-Cole with Barbara Fischer, a less experienced Caucasian woman.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

18.    Approximately six months after Bomar-Cole, the old Nursing Director, was replaced by Barbara Fischer, the new Director of the Ambulatory Unit, Fischer suggested that an additional nursing coordinator be brought in to assist Ms. Iris D. Thomas in managing her current staff of four nurses.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

19.    Ms. Iris D. Thomas informs Fischer, the Defendant Nursing director, that she cannot create a new position in the Ambulatory Unit for a non-county employee.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

20.    Upon information and belief, the Defendant Nursing Director attempted to create position specifically for Chris Recker, a non-county employee by opening a position for a consultant in the Ambulatory Unit.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

21.    On January 26, 2004, the Defendant hired Chris Recker a woman in her late 40s as a consultant.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

22.    Upon information and belief, the Defendant Nursing Director, only informed Recker about the position and did not post or advertise the position to anyone else.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

23.    Ms. Iris. D. Thomas informed the Defendant Nursing Director that she had to advertise the job position pursuant to the County's policy at the time, which was to post openings for positions for those within the organization and promote those from within.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

24.    Under County policy at the time, Fischer would not have been able to hire

Recker as a part of the Ambulatory Unit unless she brought her on as a consultant because Recker was an outside employee.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

25.    Approximately three months, after Recker, the consultant, was hired the Defendant Nursing Director listed Iris D. Thomas' position, Nurse Manage as vacant.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

26.    Upon information and belief the Defendant Nurse Manager hoped to receive little or no application for the Nurse Manager position once posted, so that she could promote Recker, the consultant to the position.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

.

27.    The Defendant Nursing Director posted the vacancy for Nursing manager without consulting Mr. Iris D. Thomas, the Nurse Manager at the time.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

28.    Ms. Iris D Thomas discovers that her job has been posted as vacant after co-workers approach and ask her if she is retiring.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

29.    Fischer and Recker are out of town on a continuing education retreat when Plaintiff discovers her position is posted as vacant. As a manager Plaintiff should have been at the continuing education retreat with Fischer and Recker but Fischer and Recker did not include her.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

30.    Upon information and belief that the Defendant Nursing Director had posted the position solely to promote the consultant to the position of Nursing Manager, Mr. Iris D. Thomas actively recruited people to apply for the job.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

31.    Upon her return from the continuing education retreat, Mr. Iris D. Thomas speaks to the Defendant Nurse Manager about her position being listed as vacant and expresses concern about the Defendant Nurse Manager trying to replace her with a consultant.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

32.    The Defendant Nursing Director ensures Ms. Iris D. Thomas that the position is not going to be replaced by a new hire and that a new permanent employee will be added to the staff to assist Ms. Iris D. Thomas with manager her four-person nursing staff.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

33.     The Defendant Nursing Director assures Ms. Thomas that she will be able to participate in the hiring process as a Nurse Manager.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

34.     Upon receiving the applications for the Nurse manager position, Human Resources sorted the applications according to the procedural screening practices outlined by the Hospital. Qualified applications were to be identified by Human Resources and only the qualified applications were to be sent to management for possible interviews.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

35.     The consultant, Chris Recker's, application did not qualify and her application was not forwarded to commence the interviewing process.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

36.     Ms. Williams from Human Resources contacted Ms. Iris D. Thomas and gave her the applications to review in her capacity as Nurse Manager.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

37.     Applicants had approximately one week to apply for the position.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

38.    Upon receiving the applications to review, the Defendant Nurse Manager expresses shock at the number of applications Human Resources received for the position.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

39.    The Ms. Williams from Human Resources who contacted Ms. Iris D. Thomas and gave her the applications was reprimanded for giving Ms. Iris D. Thomas copies of the job applications to review.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

40.    Upon information and belief, the Defendant Nursing Director, upon discovering that the Consultant's application did not qualified for review, inquires about the Consultant's application and allows the Consultant to rewrite and resubmit her application so that the Consultant could interview for the position.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

41.    Ms. Iris D. Thomas approaches the Defendant Nursing Director to ascertain whether she is going to be replaced by the consultant, Chris Recker.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

42.    Ms. Iris D. Thomas tells the Defendant Nursing Director that she knows that she is trying to replace her with the Consultant by creating a new position for the Consultant. Ms. Thomas reminds her that she will not be able to create the position for the

Consultant in this manner because it is not consistent with the hospital's policy.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

43.    The Defendant Nursing Director informs Ms. Thomas that she is going to be blunt honest with her and that she can hire the Consultant if she wants because the opening is not a union position and Mary Driscoll, one of the Defendant Nursing Director's superiors said that ii was okay to hire the Consultant in this manner.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

44.    Ms. Iris D. Thomas responds by expressing concerns that the Ambulatory Unit does not need two Nurse Managers to manage four nurses.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

45.    Ms. Iris O. Thomas informs the Defendant Nursing Director that she wants to keep her job and if replaced by the Consultant she will report the Defendant Nursing Director for wrongfully terminating her position.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

46.    The Defendant Nursing Director interviews the Consultant, Recker. The Defendant Nursing Director does not inform Ms. Iris D. Thomas about scheduled interview in advance.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations

contained in this Paragraph at the present time.

47.    The Defendant Nursing Director informs Ms. Iris D. Thomas minutes before the interview and tells her that she can look over the Consultant's application and qualifications during the interview.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

48.    Ms. Iris D. Thomas does not get a fair chance to interview Recker because she did not have enough time prior to the interview to review her qualifications. Ms, Iris D. Thomas does not believe the Consultant's performance during the interview and informs the Defendant Nursing Director that she has far less qualifications than the other candidates that applied.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

49.    The Defendant Nursing Director has three separate conversations with Ms. Iris D. Thomas saying that she would like to hire the Consultant.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

50.    During all of these conversations the Defendant Nursing Director tries to persuade Ms. Iris Thomas of the Consultant's qualifications.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

51.    Ms. Iris D. Thomas maintains that the Consultant is the less qualified applicant, does not meet the qualifications for the job and that she will not recommend her

for the position.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

52. The Defendant Nursing Manager hires Recker, the Consultant to serve as a Nursing Manager in the Ambulatory Unit.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

53. Ms. Iris D, Thomas informs the Defendant Nursing Director that the Consultant should not serve as her boss because the Consultant has less seniority and is not as qualified as she.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

54. Upon information and belief, the Defendant Nursing Director recreates the hospital's organizational chart for the ambulatory Unit in response to Ms. Iris D. Thomas' objections to the consultant operating as her superior.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

55. Upon information and belief the Defendant Nursing Director knew that recreating the hospital organizational chart was against hospital policy at the time she did so.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

56. The Defendant Nursing Director creates two equivalent Nurse Manager

positions, one for the Consultant and one for Ms. Iris D. Thomas.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

57.    After being hired, as a Nurse Manager, the Consultant begins to promote a

hostile work environment and operated under demeaning racial stereotypes.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

58.    The Consultant refuses to interact with the African American staff forcing Ms.

Iris D. Thomas to distribute the African American employees' checks and handle all

correspondence with African American employees.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

59.    The Consultant gets to decide which assignments she would like to cover and

delegates the tasks that she does not want to Plaintiff.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

60.    The Consultant gets her own office and a parking pass despite the fact that she

is less senior than Ms. Iris D. Thomas. Ms. Thomas did not get her own office, or a parking

pass when employed.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

61.    Ms. Iris D. Thomas did not receive her own office or parking pass until the

consultant was hired as a Nurse Manager. She had to go to three people to request an office and parking pass, while the consultant was given these perquisites automatically.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

62.    The Consultant decides what tasks she is willing to perform at work and delegates the tasks that she does not want to do to Plaintiff. An outside employee is hired to help the Consultant, her responsibilities implementing rules for the computer system.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

63.    The Consultant would go for periods of time where she would not speak to Plaintiff or correspond.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

64.    The Consultant begins making rude comments, to Ms. Iris D. Thomas about the color of her skin, including one comment in front of The Defendant Nursing Director, on June 1, 2005 telling Ms. Thomas that she "didn't know that she could tan, but that she shouldn't get any darker."

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

65.    Upon information and belief, the Defendant Nursing Director heard and saw the offensive behavior the Consultant engaged in but did not discipline or reprimand the consultant. Ms. Iris D. Thomas is physically and emotionally upset and leaves the room humiliated after hearing the Consultants comments.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

66. Ms. Iris D. Thomas informs the Defendant Nursing Director that the Consultant is a difficult person to work with and feels uncomfortable about the Consultant's comments about her race.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

67. Plaintiff attempts to talk to the Defendant Nursing Director about the situation but is unable to establish rapport.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

68. The Nursing Director tells her that she will address the issue promptly but that Ms. Thomas and the Consultant must learn to work together or one of them will be transferred out of the unit.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

69. June 3, 2005, Plaintiff sends Fischer an e-mail asking her to address what is becoming a hostile work environment for her, Fischer docs not respond.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

70. June 21, 2005 meets with Joann Trapani, from the Cook County Commission on Human Rights.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

71.   June 27, 2005, Plaintiff sends Fischer another e-mail asking for a response to her situation in an attempt to find a resolution to the hostile work environment.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

72.   June 29, 2005 both the Plaintiff and Recker meet with Trapani to open up a discussion between the two.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

73.   A third meeting was scheduled with Trapani to meet with Plaintiff, Recker, and Fischer. That meeting was consistently rescheduled and never took place.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

74.   July 20, 2005, Plaintiff sends an e-mail to Sydney Thomas, Director of Operations and the Nursing Director's superior. In the e-mail Plaintiff describes the hostile work environment, and the devastating impact that it is having on her physically and emotional health. Plaintiff gets no response.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

75.   July 22, 2005, Plaintiff sends an e-mail lo the Director of Human Resources regarding the same but no one responds.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

76.     On October 26, 2005, the Defendant Nursing Director informs Ms. Iris D, Thomas that someone will need to oversee the call center and that she would be assigned to this position.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

77.     Ms. Iris D. Thomas protests telling the Nursing Director that she does not want to work in the call center because it is not a Nursing Position, it would isolate her from other nurses, she would not be able to use her professional skill set, and she would like to keep her current position.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

78.     Upon information and belief, the call center did not need an Office Manager, and had not had an Office Manager in over 2 years prior.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

79.     Upon information and belief Ms. Iris D. Thomas was being transferred to the Call Center to downsize her position.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

80.     Ms. Iris D. Thomas suggests that both she and the Consultant take turns overseeing the call center.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

81.    The consultant informs the Defendant Nursing Manager that she will quit if she has work in the call center, a unit of the hospital that is staffed primarily by Blacks and Hispanics.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

82.    The Consultant is allowed to stay in the Ambulatory Unit.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

83.    Ms. Iris D. Thomas is transferred to the Call Center.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

84.    The consultant is a less senior employee with only two years of experience in the Ambulatory Unit at this point. Plaintiff has seven years of experience.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

85.    Plaintiff sends both Fischer and Thomas an e-mail asking them to reconsider the decision to send her to the Call Center.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

## COUNT I
## RETALIATION FOR THE EXERCISE OF RIGHTS BY TITLE VII
### (42 USC §§ 2000e)

86.    The Plaintiff IRIS D. THOMAS repeats and realleges the allegations set forth in Paragraphs 1-85 of Count I as and for Paragraphs 1-85 of General Allegations.

> **ANSWER:**    Defendant repeats and incorporates by reference its answers to the allegations set forth in Paragraphs 1-85 of the General Allegations as and for its answers to Paragraphs 1-85 of Count I.

87.    On or around November 2005 Plaintiff engaged in activity protected under Title VII, specifically filing a formal complaint with the Cook County Board of Commissioners, writing a letter to John Stroger informing him of the hostile work environment.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

88.    Stroger contacts plaintiff personally via telephone and reassures her that the decision is unfair, that she will not be transferred, and will not lose her job.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

89.    Stroger leaves office in 2006. Fischer immediately places Plaintiff in the call center permanently in November 2006.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

90.    Upon her transfer Ms. Thomas discovers that the Call Center Office Manager position will be eliminated due to budget cuts.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the

extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

91.    Ms. Thomas confronts Fischer about her job position being eliminated. Fischer tells her that her job will not be eliminated.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

92.    On or around January 2007, a meeting is held about the upcoming budget cuts and Plaintiff is reassured that those employees with less seniority will be laid off first pursuant to the hospital's policy.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

93.    On April 20, 2007 Ms. Thomas was discharged from employment with Defendant.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

94.    Ms. Thomas asks if she could "bump," another employee with less seniority in order to keep her job but is told that she cannot, after a white male with less seniority was able to "bump" another employee and keep his position.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

95.    Upon information and belief, the Defendant terminated Ms. Thomas' employment because of Plaintiff's involvement in activity protected under Title VII, filing a formal complaint with John Stroger, as shown by her immediate transfer to a different department where defendant knew that the position Plaintiff was being appointed to

would be eliminated.

> **<u>ANSWER</u>:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

96.    Defendant transferred Ms. Iris D. Thomas to a different unit, despite Plaintiffs protests, immediately after Ms. Thomas complained to the Cook County Board of commissioners about hostile work environment.

> **<u>ANSWER</u>:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

97.    The position that Plaintiff was transferred to was subsequently eliminated and she was laid off in violation of company policy which stales that employees with less seniority are to be discharged before those employees with more seniority.

> **<u>ANSWER</u>:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

98.    Plaintiff had more seniority than 28 of the 29 nursing coordinators in her unit, including Recker who had only been employed for 3 years, was earning $70,000 and was not considered a qualified applicant, at the time of hiring. Defendant's termination of Plaintiff in retaliation for Plaintiff's involvement in protected activity is an unlawful employment practice under 42 USC § 2000e-3(a).

> **<u>ANSWER</u>:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

99.    As a result of Defendant's unlawful actions, Plaintiff has been deprived of all the benefits and privileges of employment in an amount to be established at trial. Plaintiff therefore is entitled to such affirmative relief as may be appropriate under 42 U.S.C.A. §

2000e-5(g).

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

## COUNT II
## BREACH OF CONTRACT

100.  The Plaintiff  IRIS D. THOMAS repeats and realleges the allegations set forth in Paragraphs 1-85 of Count I as and for Paragraphs 1-85 of General Allegations.

> **ANSWER:** Defendant repeats and  incorporates by reference its answers to the allegations set forth in Paragraphs 1-85 of the General Allegations as and for its answers to Paragraphs 1-85 of Count II.

101.  Plaintiff has complied with all conditions precedent to jurisdiction under 28 U.S.C. § 1441(b). Specifically, Plaintiff has filed a federal claim arising from the same nucleus of operative facts.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time..

102.  On November 23, 1998, plaintiff and defendant entered into an employment contract of indefinite duration under which plaintiff agreed to work for approximately $75,000 per year.

> **ANSWER:** Defendant denies the allegations contained in this Paragraph.

103.  Plaintiff complied with the terms of this contract by providing her services as a Nurse Manager in a satisfactory manner and receiving above average performance reviews. As Nurse Coordinator in the Ambulatory Unit, Plaintiff managed four nurses, was responsible for all clinical operations of the health center including but not limited to the budget, and actively worked to develop referral relationships with other medical service providers and social service agencies in the community served by the hospital.

> **ANSWER:** Defendant denies the allegations contained in this Paragraph.

104. At the time the parties entered the contract, Defendant orally assured Plaintiff he/she would have job security and that it was Defendant's policy to discharge employees only for just cause.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

105. Defendant distributed copies of its Personnel Policy Manual to employees, including Plaintiff.

**ANSWER:**     Defendant admits the allegations contained in this Paragraph.

106. Defendant's Manual promised that employees would be discharged only for good cause, and only in accordance with discharge procedures set out in the Manual.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

107. Plaintiff was aware of the Defendant's policies set out in the Manual, and continued to work for Defendant in reliance on Defendant's promises concerning job security. Upon being transferred to a different unit Plaintiff asked for the reassurance that she would not be terminated after seeing that her position was to be terminated.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

108. Defendant created a new position for plaintiff knowing that the position would subsequently be terminated and transferred the plaintiff knowing that the plaintiff would be discharged.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

109. Upon being transferred plaintiff was reassured that her position would not be terminated.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

110.   The position that Plaintiff was transferred lo was subsequently eliminated and she was laid off in violation of company policy which slates that employees with less seniority are to be discharged before those employees with more seniority.

**ANSWER:**   Defendant denies the allegations contained in this Paragraph.

111.   On April 20, 2007 Plaintiff was laid off from employment with Defendant. Defendant failed to adhere to procedures in the Personnel Policy provides that layoffs are to be conducted in order of seniority. Employees with less seniority arc to be laid off before their more senior counterparts.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

112.   As a result of Defendant's wrongful discharge of plaintiff in breach of the policy outlined and agreed upon by the defendant and its employees. Plaintiff has lost earnings, and has incurred expenses in the prosecution of this action.

**ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

## COUNT III
## AGE DISCRIMINATION

113.   The Plaintiff IRIS D. THOMAS repeats and realleges the allegations set forth in Paragraphs 1-85 of Count I as and for Paragraphs 1-85 of General Allegations.

**ANSWER:**   Defendant repeats and incorporates by reference its answers to the allegations set forth in Paragraphs 1-85 of the General Allegations as and for its answers to Paragraphs 1-85 of Count III.

114.   The Plaintiff, Iris D. Thomas was an employee covered by the Age Discrimination in Employment Act pursuant to 29 U.S.C. § 623.

**ANSWER:**   Defendant makes no answer to the allegations in this Paragraph because they seek to elicit responses to legal conclusions. To the

extent that an answer may be required, Defendant denies them.

115.   Ms. Iris D. Thomas was at least 40 years of age during her period of employment with the Defendant.

**ANSWER:**    Defendant admits the allegations contained in this Paragraph.

116.   On November 23, 1998 Ms. Iris D. Thomas was hired by the Defendant and worked for the defendant for nine years.

**ANSWER:**    Defendant admits the allegations contained in this paragraph.

117.   On April 20, 2007 Plaintiff was discharged from employment with Defendant.

**ANSWER:**    Defendant denies that Plaintiff was discharged.

118.   Plaintiff met the applicable job qualifications and expectations by providing her services as a Nurse Manager in a satisfactory manner.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

119.   Ms. Iris D. Thomas received above average performance reviews as Nurse Manager of the Ambulatory Unit.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

120.   Plaintiff managed four nurses, was responsible for all clinical operations of the health center including but not limited to the budget, and actively worked to develop referral relationships with other medical service providers and social service agencies in the community served by the hospital.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

121.   Younger employees in Ms. Iris D. Thomas' unit were treated more favorably than she.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

122.   The younger Consultant, who was later promoted to Nurse Manager, was treated more favorably than Ms. Iris D. Thomas.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

123.   The Consultant was allowed to decide which assignments she would like to cover and delegates the tasks that she does not want to Plaintiff.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

124.   The Consultant received her own office and a parking pass despite the fact that she is less senior than Ms. Iris D. Thomas. Ms. Thomas did not get her own office, or a parking pass when employed.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

125.   Ms. Iris D. Thomas was forced to change departments and work in the Call Center, while the Consultant was allowed to choose which department she wanted to work for.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

126.  Ms. Iris D. Thomas was replaced as Nurse Manager of Ambulatory by the consultant, Chris Recker, a younger employee.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

127.  Ms. Iris D. Thomas was laid off by the Defendant and the Defendant did not allow her to "bump" other employees with less seniority than her.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

128.  The Defendant failed to adhere to procedures in the Personnel Policy Manual which clearly states that layoffs arc to be conducted in order of seniority. Employees with less seniority are to be laid off before their more senior counterparts.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

129.  The Consultant, a younger employee, with less seniority was not laid off by the Defendant.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

130.  As a result of Defendant's wrongful discharge of plaintiff in violation of the Age Discrimination in Employment Act Ms. Iris D. Thomas has lost earnings.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

**COUNT IV**
**DISCRIMINATION BASED ON GENDER**

**IN VIOLATION OF 42 U.S.C. §§ 2000e et seq**

131.  The Plaintiff IRIS D. THOMAS repeats and realleges the allegations set forth in Paragraphs 1-85 of Count I as and for Paragraphs 1-85 of General Allegations.

**ANSWER:**  Defendant repeats and incorporates by reference its answers to the allegations set forth in Paragraphs 1-85 of the General Allegations as and for its answers to Paragraphs 1-85 of Count IV.

132.  Ms. Iris D. Thomas is a female.

**ANSWER:**  Defendant admits the allegations contained in this Paragraph.

133.  On November 23, 1998 Ms. Iris D. Thomas was hired by the Defendant and worked for the defendant for nine years.

**ANSWER:**  Defendant admits the allegations contained in this Paragraph.

134.  On April 20, 2007 Plaintiff was discharged from employment with Defendant.

**ANSWER:**  Defendant denies that Plaintiff was discharged.

135.  Plaintiff met the applicable job qualifications and expectations by providing her services as a Nurse Manager in a satisfactory manner.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

136.  Ms. Iris D. Thomas received above average performance reviews as Nurse Manager of the Ambulatory Unit.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

137.  Plaintiff managed four nurses, was responsible for all clinical operations of the health center including but not limited to the budget, and actively worked to develop referral relationships with other medical service providers and social service agencies in the community served by the hospital.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

138.  Upon information and belief, Male employees received favorable treatment from the Defendant.

> **ANSWER:**    Defendant denies the allegations contained in this Paragraph.

139.  Ms. Iris I D. Thomas was laid off by the Defendant and the Defendant did not allow her to "bump" other employees with less seniority than her.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

140.  The Defendant failed to adhere to procedures in the Personnel Policy Manual which clearly states that layoffs are to be conducted in order of seniority. Employees with less seniority are to be laid off before their more senior counterparts.

> **ANSWER:**    Defendant denies the allegations contained in this Paragraph.

141.  A male employee was allowed to "bump" another employee with less seniority than him, allowing him to keep his job and avoid being laid off.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

142.  The Plaintiff was not allowed to exercise the same rights.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

143.  As a result of Defendant's wrongful discharge of plaintiff in violation of the Plaintiff's rights Ms. Iris D. Thomas has lost earnings.

> **ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the

extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

## COUNT V
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF 42 U.S.C. §§ 2000e et seq

144.  The Plaintiff IRIS D. THOMAS repeats and realleges the allegations set forth in Paragraphs 1-85 of Count I as and for Paragraphs 1-85 of General Allegations.

> **ANSWER:**  Defendant repeats and incorporates by reference its answers to the allegations set forth in Paragraphs 1-85 of the General Allegations as and for its answers to Paragraphs 1-85 of Count V.

145.  Ms. Iris D. Thomas is an African American.

> **ANSWER:**  Defendant admits the allegations contained in this Paragraph.

146.  On November 23, 1998 Ms. Iris D. Thomas was hired by the Defendant and worked for the defendant for nine years.

> **ANSWER:**  Defendant admits the allegations contained in this Paragraph.

147.  Plaintiff met the applicable job qualifications and expectations by providing her services as a Nurse Manager in a satisfactory manner.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

148.  Ms. Iris D. Thomas received above average performance reviews as Nurse Manager of the Ambulatory Unit.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

149.  Plaintiff managed four nurses, was responsible for all clinical operations of the health center including but not limited to the budget, and actively worked to develop referral relationships with other medical service providers and social service agencies in the community served by the hospital.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

150.   On April 20, 2007 Plaintiff was discharged from employment by the Defendant.

**ANSWER:**     Defendant denies that Plaintiff was discharged.

151.   Upon information and belief, Ms. Iris D. Thomas was treated unfairly by the Defendant and its agents because she is African American.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

152.   Upon information and belief, the Defendant has a history of discriminating against African American employees.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

153.   The Defendant suddenly suggested that Plaintiffs direct supervisor Shirley Bomar-Cole, an African American woman find a new job.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

154.   The defendant replaced Bomar-Cole with Barbara Fischer, a less experienced Caucasian woman.

**ANSWER:**     Defendant denies the allegations contained in this Paragraph.

155.   Ms. Iris D. Thomas' position as Nursing Director was listed vacant.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

156.   Ms. Iris D. Thomas discovered that her job has been posted as vacant after co-workers approached her and asked her if she was retiring.

**ANSWER:**     Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

157.  Ms. Iris D. Thomas' boss and the Consultant are out of town on a continuing education retreat when she discovers her position is posted as vacant.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

158.  As a nurse manager Ms. Iris D. Thomas was excluded from the continuing education retreat without any explanation.

**ANSWER:**  Defendant denies the allegations contained in this Paragraph.

159.  Upon information and belief Ms. Iris D. Thomas's position was listed so that her position could be filled by the Consultant, a less experienced white woman.

**ANSWER:**  Defendant denies the allegations contained in this Paragraph.

160.  The Consultant, Chris Recker applied for the Nurse Manager position.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

161.  The Consultant's application did not qualify for the position and her application was not forwarded to commence the interviewing process.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

162.  The Consultant is still hired for the Nurse Manager position.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

163.  Upon information and belief, the Defendant Nursing Director recreates the hospital's organizational chart for the ambulatory Unit in response to Ms. Iris D. Thomas' objections to the Consultant operating as her superior.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

164. Upon information and belief the Defendant Nursing Director knew that recreating the hospital organizational chart was against hospital policy at the time she did so.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

165. The Defendant Nursing Director creates two equivalent Nurse Manager positions, one for the Consultant and one for Ms. Iris D. Thomas by recreating the organizational chart.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

166. Upon information and belief, by recreating the organizational chart the Defendant Nursing Director reduced the responsibility and authority that Ms. Iris D. Thomas as a Nurse Manager.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

167. The Consultant refused to interact with the African American staff forcing Ms. Iris D. Thomas to distribute the African American employees' checks and handle all correspondence with African American employees.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

168. The Consultant was allowed to decide which assignments she would like to cover and delegated the unfavorable tasks that she did not want to Plaintiff.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

169.   The Consultant received her own office and a parking pass despite the fact that she is less senior than Ms. Iris D. Thomas. Ms. Thomas did not get her own office, or a parking pass when employed.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

170.   Ms. Iris D. Thomas did not receive her own office or parking pass until the consultant was hired as a Nurse Manager. She had to go to three people to request an office and parking pass, while the consultant was given these perquisites automatically.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

171.   An outside employee is hired to assist the Consultant, while an additional and disparate amount of responsibilities were being delegated to Ms. Iris D. Thomas.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

172.   The Consultant would go for periods of time where she would not speak to Plaintiff or correspond.

**ANSWER:**    Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

173.   The Consultant made rude comments, to Ms. Iris D. Thomas about the color of her skin.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

174.  Specifically the Consultant made one comment in front of the Defendant Nursing Director, on June 1, 2005 telling Ms. Thomas that she didn't know that she could tan, but that she shouldn't get any darker.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

175.  Upon information and belief, the Defendant Nursing Director heard and saw the offensive behavior the Consultant engaged in but did not discipline or reprimand the consultant. Ms. Iris D. Thomas is physically and emotionally upset and leaves the room humiliated after hearing the Consultants comments.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

176.  Ms. Iris D. Thomas informed the Defendant Nursing Director that the Consultant is a difficult person to work with and feels uncomfortable about the Consultants comments about her race.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

177.  Plaintiff attempts to talk to the Defendant Nursing Director about the situation but is unable to establish rapport.

**ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

178.  The Nursing Director tells her that she will address the issue promptly but

that Ms. Thomas and the Consultant must learn to work together or one of them will be transferred out of the unit.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

179.  The Defendant Nursing Director never addressed Ms. Iris D. Thomas correspondence or requests for help with the hostile work environment.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

180.  On October 26, 2005, the Defendant Nursing Director informs Ms. Iris D. Thomas that someone will need to oversee the call center and that she would be assigned to this position.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

181.  Ms. Iris D. Thomas protests telling the Nursing Director that she does not want to work in the call center because it is not a Nursing Position, it would isolate her from other nurses, she would not be able to use her professional skill set, and she would like to keep her current position.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

182.  Upon information and belief, the call center does not need an Office Manager, has not had an Office Manager in over 2 years.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations

contained in this Paragraph at the present time.

183.   Upon information and belief Ms. Iris D. Thomas was being transferred to the Call Center to downsize her position.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

184.   Ms. Iris D. Thomas suggested that both she and the Consultant take turns overseeing the call center.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

185.   The request is denied and the Consultant is allowed to stay in the Ambulatory Unit full time.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

186.   Ms. Iris D. Thomas was transferred to the less desirable position in the Call Center.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

187.   The consultant is a less senior employee with only two years of experience in the Ambulatory Unit at this point. Plaintiff has seven years of experience.

> **ANSWER:**  Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

188.   Upon information and belief Ms. Iris D. Thomas was retaliated against by the defendant after complaining about the disparaging comments about her race, by

transferring her to the Call Center.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

189.   Upon information and belief, the Plaintiff, Ms. Iris D. Thomas, was transferred to the call center by the Defendant in order to discharge her.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

190.   Upon information and belief, the Defendant knew that the position that Ms. Iris D. Thomas was transferred to in the Call Center would be eliminated during budget cuts.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

191.   After filing a formal complaint about the hostile work environment Ms. Iris D. Thomas was discharged.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

192.   Ms. Iris D. Thomas asked permission to "bump" a less senior employee in order to keep her job.

> **ANSWER:** Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

193.   Ms. Iris D. Thomas is not allowed to "bump" a less senior employee and is subsequently laid off.

> **ANSWER:** Defendant is without knowledge or information sufficient to either

admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

194.   During this lime another white male employee was allowed to "bump" a less senior employee and keep his job.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

195.   The Defendant failed to adhere to procedures in the Personnel Policy Manual which clearly states that layoffs are to be conducted in order of seniority. Employees with less seniority are to be laid off before their more senior counterparts.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

196.   As a result of Defendant's wrongful discharge of plaintiff in violation of the Age Discrimination in Employment Act Ms. Iris D. Thomas has lost earnings.

> **ANSWER:**   Defendant is without knowledge or information sufficient to either admit or deny the averments contained in this paragraph. To the extent that an answer is required, Defendant denies the allegations contained in this Paragraph at the present time.

## AFFIRMATIVE DEFENSES

Defendant offers the following affirmative defenses to plaintiff's allegations:

1.   Plaintiff fails to state a claim upon which relief may be granted.

2.   No tangible employment action was taken against plaintiff.

3.   Plaintiff has not suffered any damages.

4.   Plaintiff failed to mitigate damages.

## JURY DEMAND

With regard to any issue that may be appropriately heard by a jury in this cause of action, defendant, Cook County, hereby demands a jury trial.

Respectfully submitted,

Richard A. Devine
State's Attorney of Cook County

By:     s/MICHAEL D. JACOBS
        MICHAEL D. JACOBS
        Assistant State's Attorney
        Labor and Employment Division
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        312-603-3401